**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| ASHLEY RIVERA, | Case No.: |
| Plaintiff, | Plaintiff's Complaint For |
| v. | 1.   Violations Of 15 U.S.C. §1692f(6) |
| | 2.   Wrongful Repossession |
| AMERICAN CREDIT ACCEPTANCE, and SKYLINE RECOVERY SERVICE, | 3.   Conversion |
| Defendants. | **(Jury Trial Requested)** |

Plaintiff ASHLEY RIVERA complains and alleges against Defendant AMERICAN CREDIT ACCEPTANCE ("American Credit") and Defendant SKYLINE RECOVERY SERVICE, ("Skyline Recovery") (collectively the "Defendants") as follows.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claims occurred in this district.

**NATURE OF THE ACTION**

3. Plaintiff brings this action after the Defendants illegally and egregiously breached

1

the peace by continuing to repossess her vehicle over verbal and physical objections. Plaintiff also brings a claim against Defendant Skyline Recovery for wrongfully repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692 *et seq.*

4.  Plaintiff seeks statutory damages, actual damages and punitive damages, as well as attorneys' fees and costs.

## PARTIES

5.  Plaintiff ASHLEY RIVERA ("Plaintiff") is a natural person and a resident of Kissimmee, Florida, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6.  Defendant AMERICAN CREDIT ACCEPTANCE ("American Credit") is a financial institution engaged in consumer lending, including the financing of motor vehicles.

7.  Upon information and belief, American Credit is headquartered in Spartanburg, South Carolina.

8.  For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), American Credit is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

9.  Defendant SKYLINE RECOVERY SERVICE ("Skyline Recovery") is a repossession company with its principal place of business located in Plainfield, Connecticut.

10. Upon information and belief, Defendant Skyline Recovery is a company that uses the mail, or other instrumentality of interstate commerce in a business whose principal purpose is the enforcement of security interests, namely the repossession

2

of vehicles by lenders.

11. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant Skyline Recovery is a "debt collector," as defined under the FDCPA at 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

12. Plaintiff owns a 2020 Kia Optima (the "Vehicle"), which was financed through a loan with Defendant American Credit.

13. Plaintiff used the Vehicle for personal, family and household purposes, including as his primary place of shelter at the time of the repossession.

14. Sometime prior to May 24, 2025, Plaintiff fell behind on her payments to American Credit.

15. The money owed under the American Credit loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

16. As a result, American Credit then contracted with Defendant Skyline Recovery to repossess the Plaintiff's vehicle.

17. On or about May 24, 2025, at approximately 3:30 p.m., Plaintiff was asleep inside her Vehicle, which was lawfully parked in her friend's driveway in Windham, Connecticut when she was awakened by a sudden, forceful impact to the rear end of her Vehicle.

18. Plaintiff then realized that a tow truck – later identified as Defendant's repossession agent's tow truck – had hooked and lifted her Vehicle while she was inside the Vehicle, in an attempt to repossess the Vehicle.

3

19. It is inherently dangerous and reckless to attempt to repossess, hook, lift or tow an occupied vehicle, particularly when the occupants are not expecting such a sudden movement of their vehicle, as such actions can cause damage to the vehicle and injury to the occupants.

20. Defendants' repossession agent knew that he could not safely and legally lift and repossess an occupied vehicle, and that doing so could cause injury or damage, but did so anyway.

21. Plaintiff immediately objected to the repossession and opened the driver's side door to the Vehicle in an attempt to exit, but was unable to because the Vehicle was lifted up too high off the ground to allow her to safely exit the Vehicle.

22. Defendants' repo agent then approached the Plaintiff and told her that he needed to repossess her Vehicle, to which the Plaintiff objected, telling the Defendants' repo agent that he could not take her Vehicle at that time.

23. Plaintiff repeatedly made clear to Defendants' repossession agent that he could not take the Vehicle and demanded that the agent drop the Vehicle.

24. Defendants' repo agent refused, threatening to call the police if Plaintiff refused to cooperate and surrender her Vehicle.

25. Upon being threatened with the involvement of law enforcement, Plaintiff exited the Vehicle.

26. Defendants' repo agent then lied to Plaintiff and told her that he would move the Vehicle closer to the porch of the home, so that she could retrieve her possessions from the Vehicle.

27. Instead, Defendants' repo agent drove off, thereby completing the repossession of Plaintiff's Vehicle and the possessions therein.

28. Despite being plainly aware that they could no longer repossess the Plaintiff's vehicle after Plaintiff had verbally and physically objected to it, Defendants' repossession agent did not care, and willfully and intentionally violated the law by persisting with the repossession.

29. As a result of the Defendants' illegal repossession, Plaintiff was deprived of the use of the Vehicle and the possessions contained therein.

30. Plaintiff suffered fear, anger, frustration, emotional distress, lost sleep, and lost time as a result of the Defendants' actions and was subjected to abusive collection tactics from which she had a substantive right to be free.

31. Plaintiff's distress manifested in physical symptoms, including difficulty sleeping, anxiety, and emotional upset, directly attributable to Defendants' conduct.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*
### (Against Skyline Recovery)

32. Plaintiff realleges and incorporates by reference paragraphs 1-30 herein.

33. Plaintiff brings this Count against Defendant Skyline Recovery.

34. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

35. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

5

(A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

(C)    the property is exempt by law from such dispossession or disablement.

36. Under Conn. Gen. Stat. §§ 42a-9-601(a) and 42a-9-609(b), a secured party may take possession of collateral, without judicial process, **only** if it can be accomplished without a breach of the peace.

37. On May 24, 2025, Defendant breached the peace by continuing with the repossession in the face of Plaintiff's repeated and unambiguous objections, by recklessly hooking and lifting the Vehicle while it was occupied, and by threatening to involve law enforcement if Plaintiff did not surrender her Vehicle.

38. As a result, Defendant did not have the present right to possession of the Plaintiff's vehicle once it breached the peace and was therefore prohibited from repossessing it.

39. Defendant Skyline Recovery accordingly violated 15 USC § 1692f(6) when it repossessed the Plaintiff's vehicle on May 24, 2025.

40. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendant harmed Plaintiff, by subjecting Plaintiff to improper and deceptive collection activity, in violation of Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and by subjecting Plaintiff to unfair, or unconscionable means to collect a debt, by depriving Plaintiff

6

of use of the Vehicle and by depriving Plaintiff of the loss of the right to pre repossession judicial process.

41. Defendants' illegal activity harmed Plaintiff by causing her to suffer anger, fear, anxiety, emotional distress, lost sleep, frustration and embarrassment. Such damages were reasonably foreseeable and flowed directly from Defendant's unlawful repossession tactics.

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II
### WRONGFUL REPOSSESSION
### Conn. Gen. Stat.  §§ 42a-9-601, 42a-9-609, and 42a-9-625
### (Against All Defendants)

43. Plaintiff realleges and incorporates by reference paragraphs 1-25 herein.

44. Plaintiff brings this Count against all Defendants.

45. Connecticut law does not permit nonjudicial or "self help" repossession of consumer motor vehicles unless the repossession can be accomplished without a breach of the peace. Conn. Gen. Stat. §§ 42a-9-601, 42a-9-609.

46. On May 24, 2025, Defendants breached the peace by continuing with the repossession in the face of Plaintiff's repeated and unambiguous objections, by recklessly hooking and lifting the Vehicle while it was occupied, and by threatening to involve law enforcement if Plaintiff did not surrender her Vehicle.

47. As a result, Defendants violated Conn. Gen. Stat. §§ 42a-9-601 and 42a-9-609 when

they repossessed the Plaintiff's vehicle on May 24, 2025.

48. By illegally repossessing Plaintiff's vehicle on May 24, 2025, in violation of Conn. Gen. Stat. §§ 42a-9-601 and 42a-9-609, Defendants harmed Plaintiff, in subjecting Plaintiff to improper and deceptive collection activity, in violation of Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving Plaintiff of the use of the Vehicle, and by subjecting Plaintiff to unfair and unconscionable means to collect a debt.

49. Defendants' illegal activity also harmed Plaintiff by causing her to suffer pain, anger, fear, anxiety, emotional distress, lost sleep, frustration and embarrassment.

50. By reason thereof, Defendants are also liable to the Plaintiff for judgment that Defendants' conduct violated Conn. Gen. Stat. §§ 42a-9-601 and 42a-9-609, including statutory damages, punitive damages, actual damages, costs and attorneys' fees.

## COUNT III
### CONVERSION
**(Against All Defendants)**

51. Plaintiff realleges and incorporates by reference paragraphs 1-30 herein.

52. Plaintiff brings this Count against all Defendants.

53. As set forth above, Defendants wrongfully repossessed the Plaintiff's vehicle at a time when Plaintiff – and not Defendants – was entitled to possession of that vehicle.

54. Defendants then held Plaintiff's vehicle for a period of time and continue holding it, thereby exercising wrongful dominion and control over the Plaintiff's property.

55. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff, by depriving her of the use of the Vehicle for an extended period of time.

56. Defendants further harmed Plaintiff by subjecting her to improper and deceptive collection activity and unfair and unconscionable means of collection.

57. Defendants' illegal activity also harmed Plaintiff by causing her to suffer anger, fear, anxiety, emotional distress, lost sleep, frustration and embarrassment.

58. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

59. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    awarding the Plaintiff actual damages incurred;

    (b)    awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

    (c)    awarding the Plaintiff punitive damages;

    (d)    Awarding pre-judgment interest and post-judgment interest; and

    (e)    Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: April 14, 2026               /s/ Yitzchak Zelman

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282
yzelman@marcuszelman.com
*Attorney for Plaintiff*

10